# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:11-CR-148-DBH** |
| ) | **CIVIL NO. 2:16-CV-216-DBH** |
| **ANTONIO REMBERT,** ) | |
| ) | |
| **DEFENDANT/PETITIONER** ) | |

## ORDER ON DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

The defendant/petitioner has filed a motion under 28 U.S.C. § 2255 arguing that his Armed Career Criminal sentence must be corrected in light of the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015), holding the residuary clause portion of that statute void for vagueness. The government has filed a response in which it recognizes that Johnson should be applied retroactively, that one of his three predicate convictions was counted under the residuary clause, and that without that conviction the defendant/petitioner is not an Armed Career Criminal. Gov't's Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255 at 4 (Apr. 27, 2016) (ECF No. 78). The parties have agreed that applying the earlier adjustments to the Guideline sentence, the defendant/petitioner should be resentenced to fifty-eight (58) months.

Accordingly I **GRANT** the motion under 28 U.S.C. § 2255 and **ORDER** that the sentence be corrected to fifty-eight (58) months. I expect that will result in an expeditious discharge of the defendant/petitioner.

**SO ORDERED.**

**DATED THIS 27TH DAY OF APRIL, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**